1 MCGREGOR W. SCOTT
United States Attorney
2 MATTHEW D. SEGAL
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5
Attorneys for Plaintiff
6 United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:09-CR-325 KJM |
|---|---|
| Plaintiff, | 2:14-CR-268 KJM |
| v. | ORDER |
| NIESHA NICOLE JACKSON, | |
| Defendant. | |

Before the Court is the defendant's Motion to Modify Restitution Payment During Incarceration. Because the defendant has not exhausted her administrative remedies, the motion is denied.

The Court's judgment requires that the defendant pay restitution in the amount of $638,701.00. *United States v. Jackson*, 2:09-CR-325 KJM, Dkt. 123, at 7. The judgment further provides, "payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program." *Id.* at 8.

Jackson avers that while imprisoned, she has been receiving gifts from family members. She objects to any IFRP participation that involves her paying over funds she has received from family members. She contends that the Court has jurisdiction under 18 U.S.C. § 3664(k) to adjust the judgment's restitution provisions for changed circumstances, and she seeks an amended judgment that directs that she pay no more than $25 per quarter.

The Court lacks jurisdiction to adjudicate this motion. A dispute over IFRP payments concerns the execution of the judgment, and therefore must be brought under 28 U.S.C. § 2241, not 18 U.S.C.

ORDER

1 § 3664(k). *See McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010); *United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002).

The Court need not reach the government's argument that the Bureau of Prisons correctly accounted for gifts from relatives when it set the amount of periodic restitution payment necessary for the defendant to participate in the IFRP. *See United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008). The Court also need not reach the government's contention that the defendant may only litigate a dispute over IFRP in the district of incarceration. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). The defendant concedes she has not exhausted her administrative remedies. That concession alone provides sufficient reason to deny her motion without reaching its merits. Thus, the motion is DENIED without prejudice.

DATED: February 7, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

ORDER